UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

Kevin Giroir,
Plaintiff,

v.

The Dow Chemical Company,
Defendant.

Civil Action No.: _____

Judge: _____

Magistrate Judge: _____

COMPLAINT

(Race Discrimination and Retaliation – Title VII)

INTRODUCTION

This is an action for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Plaintiff Kevin Giroir, a Black man and former Logistics Technician at The Dow Chemical Company, brings this lawsuit after experiencing unlawful treatment on the basis of his race, including being subjected to a hostile work environment, being retaliated against for reporting misconduct, and ultimately being wrongfully terminated. Plaintiff seeks all available legal and equitable relief to remedy the harm suffered, including lost wages, emotional distress damages, and punitive damages.

I. PARTIES

1. Plaintiff, Kevin Giroir, is an individual residing in White Castle, Louisiana.

2. Defendant, The Dow Chemical Company ("Dow"), is a multinational chemical corporation licensed to do business in Louisiana, with operations in Iberville Parish, within the jurisdiction of this Court.

II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3) as this action arises under Title VII of the Civil Rights Act of 1964.

4. Venue is proper in this district under 28 U.S.C. §1391(b) because the unlawful employment practices occurred in the Middle District of Louisiana.

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging discrimination.

6. Plaintiff received a Notice of Right to Sue from the EEOC dated April 10, 2025, and files this Complaint within 90 days of receipt, as required by law.

IV. FACTS

7. Plaintiff began working for Dow on or about January 25, 2015, and held the position of Logistics Technician until his termination on May 7, 2024.

8. Plaintiff consistently performed his duties in a satisfactory or above-satisfactory manner.

9. Plaintiff was subjected to differential treatment and a hostile work environment on the basis of his race (Black).

10. On September 17, 2023, Plaintiff submitted a formal complaint via email to Human Resources regarding unfair treatment, deformation of character, creating a hostile work environment and a racial sensitive comment made by Jessie Dupriest which violated The Dow Chemical code of conduct.

11. Following this complaint, Plaintiff experienced clear retaliation, including increased scrutiny, exclusion from opportunities, and ultimately termination.

12. Plaintiff's termination was pretextual and directly connected to his protected activity, and retaliation.

13. Defendant has provided conflicting reasons for Plaintiff's termination. The Louisiana Workforce Commission informed Plaintiff that the stated reason for termination was "Neglect of Duty," whereas Dow has asserted that the termination was due to "poor performance." These contradictory explanations reinforce Plaintiff's contention that the stated reasons were pretextual and that the real motivation was unlawful retaliation.

13A. On May 3, 2024, at approximately 11:02 a.m., Plaintiff received a voicemail from supervisor Jessie Dupriest instructing him not to report to work due to alleged "confusion" over the overtime schedule. However, Plaintiff had clearly signed up to work both days in question, as documented in the posted overtime schedule. This exclusion occurred just four days before his termination and demonstrates a continued pattern of retaliatory conduct following his protected complaint in September 2023.

13B. On May 1, 2024, Plaintiff allegedly missed a single work-related phone call after 1:00 a.m. This incident was cited as a basis for his termination. However, similarly situated non-Black employees also missed calls or failed to respond to communications but were not disciplined or terminated. The selective enforcement of this standard against Plaintiff, a Black employee who had recently filed a complaint of racial discrimination, evidences disparate treatment on the basis of race and supports the pretextual nature of Defendant's stated reason for termination.

14. Since his termination on May 7, 2024, Plaintiff has remained unemployed despite actively applying for positions with multiple companies, including Walmart, AutoZone, Enterprise Gas Company, and Westlake Chemical (at both the Plaquemine and St. Gabriel sites). Despite his qualifications and prior work experience, Plaintiff has received no job offers. This continued unemployment for over a year has caused significant financial hardship and emotional distress, and further underscores the severity and impact of Defendant's retaliatory and discriminatory conduct.

16. Supervisors. Supervisors Jessie Dupriest and Kemberly Salway were aware of Plaintiff's complaints and participated in or allowed the retaliatory conduct.

V. CLAIMS FOR RELIEF

Count I: Race Discrimination (Title VII)

15. Defendant discriminated against Plaintiff on the basis of race in violation of Title VII.

17. As a result. As a result, Plaintiff suffered economic loss, emotional distress, and harm to his professional reputation.

Count II: Retaliation (Title VII)

18. Defendant unlawfully. Defendant unlawfully retaliated against Plaintiff for engaging in protected activity—namely, race (black), reporting racial sensitive comment, and filing complaint to Human Resources.

19. The termination. The termination and adverse treatment were causally connected to Plaintiff's internal complaint.

VI. DAMAGES

20. Plaintiff seeks the following. Plaintiff seeks the following relief: As a result of the ongoing unemployment caused by Defendant's actions, Plaintiff seeks front pay in addition to back pay and compensatory damages for emotional distress, including the psychological and reputational impact of being unable to secure comparable employment for over a year despite diligent efforts.

As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered significant economic and non-economic harm, including:

1. Back Pay in the amount of approximately $133,788, representing lost wages and overtime from May 7, 2024, to the present.

2. Lost Performance Bonuses estimated at $6,689.

3. Lost Benefits including health insurance, retirement contributions, and paid time off, estimated at $33,447.

4. Front Pay in the amount of $128,833, representing anticipated future lost wages due to ongoing unemployment and reputational harm.

5. Compensatory Damages for Emotional Distress in the amount of $150,000, for pain, suffering, humiliation, anxiety, and loss of enjoyment of life caused by Defendant's conduct.

6. Punitive Damages in the amount of $300,000, due to Defendant's willful and malicious disregard of Plaintiff's federally protected rights.

Accordingly, Plaintiff seeks a total of approximately $752,757 in legal and equitable relief, plus attorneys' fees (if applicable), court costs, and any other relief the Court deems just and proper

VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Kevin Giroir

33870 Bowie Street
White Castle, LA 70788

225-716-0330
kagiroir@yahoo.com

kagiroir@yahoo.com

Pro Se Plaintiff



From: Shena Davies, 33870 Bowie St, White Castle LA 70788

To: Clerk of Court, U.S. District Court, Middle District of Louisiana, Russell B. Long Federal Building, 777 Florida Street, Room 139, Baton Rouge, LA 70801

USPS TRACKING #: 9505 5161 6876 5142 0691 70
Expected Delivery Day: 05/24/25
U.S. Postage Paid, White Castle, LA 707, May 22, 2025, $9.35