UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN GIROIR, | Case 3:25-cv-00452-SDJ-EWD |
| Plaintiff, | Hon. Scott D. Johnson |
| v. | Hon. Erin Wilder-Doomes |
| THE DOW CHEMICAL COMPANY, | |
| Defendant. | |

| | |
|---|---|
| Kevin Giroir<br>In Pro Per<br>33870 Bowie St.<br>White Castle, LA 70788<br>225-716-0330<br>kagiroir@yahoo.com | Donald J. Cazayoux, Jr. (#20742)<br>J. Lane Ewings, Jr. (29854)<br>CAZAYOUX EWING, LLC<br>257 Maximiliam Street<br>Baton Rouge, LA 70808<br>225.650.7400<br>don@cazayouxewing.com<br>lane@cazayouxewing.com<br><br>Edward J. Bardelli (P53849)<br>Amanda M. Fielder (P70180)<br>Janelle E. Shankin (P85627)<br>Alexander J. Thibodeau (P82939)<br>WARNER NORCROSS + JUDD LLP<br>150 Ottawa Avenue, NW, Ste. 1500<br>Grand Rapids, MI 49503<br>616.752.2165<br>ebardelli@wnj.com<br>afielder@wnj.com<br>jshankin@wnj.com<br>athibodeau@wnj.com<br><br>*Attorneys for The Dow Chemical Company* |

**THE DOW CHEMICAL COMPANY'S MOTION FOR ENTRY OF A PROTECTIVE ORDER GOVERNING THE USE OF INFORMATION AND DOCUMENTS PRODUCED IN THIS LITIGATION**

The Dow Chemical Company ("Dow") moves for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), to govern the use of information and documents produced in this litigation. Specifically, Dow seeks to maintain the confidentiality of its information and documents, require that all confidential information and documents be used only for purposes of the litigation, and limit the disclosure of confidential information and documents to relevant individuals. Dow relies on the arguments and authorities in the accompanying brief in support.

Dow has, on multiple occasions, requested concurrence from Plaintiff to seek the relief sought in this Motion, but Plaintiff has denied same while continuing to produce Dow's confidential information to media outlets. Accordingly, Dow respectfully requests that this Court grant its Motion for Entry of a Protective Order and enter the Protective Order attached to Dow's brief as Exhibit A.

Dated: August 29, 2025

/s/ Edward J. Bardelli

Donald J. Cazayoux, Jr. (#20742)
J. Lane Ewings, Jr. (29854)
CAZAYOUX EWING, LLC
257 Maximiliam Street
Baton Rouge, LA 70808
225.650.7400
don@cazayouxewing.com
lane@cazayouxewing.com

Edward J. Bardelli (P53849)
Amanda M. Fielder (P70180)
Janelle E. Shankin (P85627)
Alexander J. Thibodeau (P82939)
WARNER NORCROSS & JUDD
150 Ottawa Ave., NW, Ste. 1500
Grand Rapids, Michigan 49503
(616)752.2165
ebardelli@wnj.com
afielder@wnj.com
jshankin@wnj.com
athibodeau@wnj.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby state that on August 29, 2025, the foregoing document was electronically filed with the Clerk of the Court using the ECF system. A copy of said document was sent to Plaintiff at his address listed above by U.S. First Class Mail, postage prepaid and to his email at kagiroir@yahoo.com.

                                                    */s/Edward J. Bardelli*
                                                    Edward J. Bardelli

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN GIROIR, | Case 3:25-cv-00452-SDJ-EWD |
| Plaintiff, | Hon. Scott D. Johnson |
| v. | Hon. Erin Wilder-Doomes |
| THE DOW CHEMICAL COMPANY, | |
| Defendant. | |

Kevin Giroir
In Pro Per
33870 Bowie St.
White Castle, LA 70788
225-716-0330
kagiroir@yahoo.com

Donald J. Cazayoux, Jr. (#20742)
J. Lane Ewings, Jr. (29854)
CAZAYOUX EWING, LLC
257 Maximiliam Street
Baton Rouge, LA 70808
225.650.7400
don@cazayouxewing.com
lane@cazayouxewing.com

Edward J. Bardelli (P53849)
Amanda M. Fielder (P70180)
Janelle E. Shankin (P85627)
Alexander J. Thibodeau (P82939)
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue, NW, Ste. 1500
Grand Rapids, MI 49503
616.752.2165
ebardelli@wnj.com
afielder@wnj.com
jshankin@wnj.com
athibodeau@wnj.com

*Attorneys for The Dow Chemical Company*

**THE DOW CHEMICAL COMPANY'S BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF A PROTECTIVE ORDER GOVERNING THE USE OF INFORMATION AND DOCUMENTS PRODUCED IN THIS LITIGATION**

2

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... 3

INTRODUCTION .......................................................................................................................... 4

BACKGROUND ............................................................................................................................ 4

ARGUMENT .................................................................................................................................. 7

    I.    STANDARD OF REVIEW ............................................................................................... 7

    II.   THE INFORMATION DOW SEEKS TO PROTECT IS CONFIDENTIAL IN NATURE AND PLAINTIFF SHOULD BE RESTRICTED FROM FURTHER DISCLOSURE OF SUCH INFORMATION OUTSIDE THE CONFINES OF THIS CASE. ................................................................................................................................ 8

    III.  GOOD CAUSE EXISTS FOR ENTRY OF A PROTECTIVE ORDER. .......................... 9

CONCLUSION ............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                   **Page(s)**

*Bucher v. Richardson Hosp. Auth.*,
   160 F.R.D. 88 (N.D. Tex. 1994) ....................................................................................... 10

*Gutierrez v. Benavidas*,
   292 F.R.D. 401 (S.D. Tex. 2013) ..................................................................................... 8, 9

*Harris v. Amoco Production Co.*,
   768 F.2d 669 (5th Cir. 1985) ................................................................................................ 8

*McDonald v. ExxonMobil Chem. Co.*,
   No. CIV.A. H-00-4172, 2001 WL 34109381 (S.D. Tex. Dec. 7, 2001) ................................ 9

*Morton v. F.H. Paschen, Inc.*,
   1998 U.S. Dist. LEXIS 228 (E.D. Pa. 1998) ........................................................................ 9

*Pansy v. Borough of Stroudsburg*,
   23 F.3d 771 (3rd Cir. 1994) ............................................................................................... 8, 9

*Poseidon Oil Pipeline Co. v. Transocean Sedco Forex, Inc.*,
   No. 00-2154, 2002 WL 1919797 (E.D. La. Aug. 20, 2002) ................................................. 9

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20, 104 S.Ct. 2199 (1984) ..................................................................................... 9

*In re Terra Intern, Inc.*,
   134 F.3d 302 (5th Cir. 1998) ............................................................................................ 8, 11

*United States v. Garrett*,
   571 F.2d 1323 (5th Cir. 1978) .......................................................................................... 8, 11

*In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.*,
   313 F.R.D. 32 (E.D. La. 2016) .............................................................................................. 9

**Other Authorities**

Fed. R. Civ. P. 26(c)(1)(A) ......................................................................................................... 8

Fed. R. Civ. P. 26(c)(1)(B) and (G) ............................................................................................ 8

## INTRODUCTION

This is an employment dispute arising between Plaintiff Kevin Giroir and The Dow Chemical Company ("Dow"). Plaintiff initiated this lawsuit and sets forth claims of race discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII").

Plaintiff has engaged in extensive discovery, serving Dow with 43 separate sets of discovery requests, which include interrogatories, document requests and requests to admit. Many of the requests seek confidential Dow information and documents, including those related to employee personnel information, internal investigations, discipline records, internal policies and procedures, and the like. Accordingly, Dow asked Plaintiff to agree to a straight-forward confidentiality order that would govern the use of documents and information produced in this case.

Plaintiff, however, is unwilling to agree to a confidentiality order. Plaintiff's failure to agree to a basic confidentiality order is compounded by the fact that Plaintiff continues to deliberately disseminate Dow's confidential documents to various media outlets in an apparent attempt to force Dow's hand at settlement. Accordingly, Dow requests that this Court enter the Protective Order attached to this Brief as **Exhibit A**.

## BACKGROUND

Plaintiff filed his Complaint on May 27, 2025. (ECF No. 1). Dow timely answered on July 21, 2025. (ECF No. 13). On the same day as Dow's answer, Plaintiff began his relentless discovery quest, improperly serving on Dow four separate discovery requests. (**Exhibit B**, 7/21/25 Plaintiff's Emailed Discovery Requests.) This issue was raised with Plaintiff during the parties' August 4, 2025, conference to discuss the joint status report. Indeed, the Joint Status Report makes

reference to the fact that Plaintiff's "discovery requests" are inconsistent with the Federal Rules of Civil Procedure and often do not comport with the service requirements of same. (ECF No. 28, p. 4.) The parties agreed that Plaintiff would serve Dow his discovery requests after the conference. (*Id.*)

Since the Rule 26(f) Conference, Plaintiff has served Dow with 43 sets of discovery requests, which include interrogatories, document requests, and requests to admit. The discovery requests seek Dow's confidential information and documents. By way of example and not limitation, Plaintiff's requests seek information related to non-party employees including their unredacted and complete personnel files, disciplinary records for non-party employees, internal investigations and reports, and internal policies. (*See* Ex. B.)

Given the multitude of discovery requests from Plaintiff seeking Dow's confidential information and documents, during the Rule 26(f) conference the parties discussed the need for a confidentiality order in this matter governing the use of confidential information and documents exchanged in discovery. (ECF No. 28, p. 5.) Plaintiff agreed in principle to the confidentiality order. (*Id.*) Consequently, on August 6, 2025, counsel for Dow reached out to Plaintiff with a proposed confidentiality order. (**Exhibit C**, Fielder 8/6/25 Email.) Plaintiff did not respond. Dow's counsel followed up with Plaintiff on August 19, 2025, again reattaching the proposed confidentiality order. (**Exhibit D**, Fielder 8/19/25 Email.) Plaintiff responded to Dow's counsel on August 19, indicating his refusal to enter into the proposed order at that time based on allegedly outstanding discovery responses, stating "once [TDCC] complies with its obligations and the Court rules on the pending motions, I will revisit the issue." (**Exhibit E**, Giroir 8/19/25 Email.) At that time, however, no discovery responses were outstanding and there were no pending motions. Accordingly, on August 20, Dow's counsel responded to Plaintiff and noted the same. (**Exhibit F**,

5

Fielder 8/20/25 Email.) Dow's counsel noted that no discovery was due until September 3, and thus there were no responses overdue and no production of documents overdue. (*Id.*) In addition, Dow's counsel reiterated that it was raising the need for a confidentiality order *before* documents were to be produced. (*Id.*) Dow's counsel welcomed a discussion on the terms and purpose of the proposed confidentiality order. (*Id.*)

On August 24, Plaintiff responded. (**Exhibit G**, Giroir 8/24/25 Email.) Plaintiff admitted that he was "not opposed to reasonable confidentiality protections where appropriate." (*Id.*) But Plaintiff contended that Dow's proposed confidentiality order was a "blanket restriction on discovery" and thus overbroad. (*Id.*) Because there was nothing in the proposed confidentiality order that restricted discovery, Dow's counsel again welcomed a discussion to walk through the terms of the proposed order. (*Id.*) (**Exhibit H**, Fielder 8/25/25 Email.)

Plaintiff denied a meet and confer telephone conference, wanting instead to "address all confidentiality matters in writing so there is a clear record for the Court." (**Exhibit I**, Giroir 8/25/25 Email.) Shortly following his email stating his unwillingness to stipulate to the proposed confidentiality order, Plaintiff sent an email to counsel for Dow, Dow leadership, and various news outlets. (**Exhibit J**, Giroir 8/25/25 Media Email.) More problematic, Plaintiff's August 25 email to media included the attachment of Dow's confidential documents—now publicly disclosed. (*Id.*)[1] It is unclear to Dow how Plaintiff came to possess these documents, but his actions in disclosing the same are the very reason a confidentiality order in this matter is paramount.

Despite the clear necessity of a confidentiality order in this matter, Plaintiff's correspondence regarding the proposed confidentiality order has made it clear that the parties are

---

[1] Exhibit J includes confidential Dow documents Plaintiff does not have authorization to have in his possession and Dow has not filed those documents publicly. If the Court wishes, Dow will provide those documents for in camera review. The media members copied on most of Plaintiff's correspondence, including Exhibit J, are Matt Bruce at the Advocate (matt.bruce@theadvocate.com) and Chris Nakamoto at WAFB (chris.nakamoto@wafb.com).

unable to reach a resolution without this Court's assistance. Accordingly, Dow is left with no other option but to file this Motion seeking an order of the proposed confidentiality order attached hereto as **Exhibit A**.

## ARGUMENT

### I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, by specifying terms for the disclosure or discovery of information and/or requiring confidential information to be revealed only in a specified way. Fed. R. Civ. P. 26(c)(1)(B) and (G). A party may, therefore, bring a motion for protective order seeking a limitation on the release of information and documents obtained in discovery. The decision to grant a motion for protective order is within the trial court's broad discretion. Fed. R. Civ. P. 26(c)(1)(A); see also *Harris v. Amoco Production Co.*, 768 F.2d 669, 683-684 (5th Cir. 1985). The burden rests on the movant to establish the necessity of a protective order upon a showing of good cause. *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). Although "[a] party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal," if a party shows good cause as contemplated by Rule 26(c) "the presumption of free use dissipates, and the district court can exercise its sound discretion to restrict what materials are obtainable, how they can be obtained, and what use can be made of them once obtained." *Harris*, 768 F.2d at 683-684; *In re Terra Intern, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

"In determining whether to grant a protective order, the court must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Gutierrez v. Benavidas*, 292 F.R.D. 401, 404 (S.D. Tex. 2013), citing *Pansy v. Borough*

7

*of Stroudsburg*, 23 F.3d 771, 785 (3rd Cir. 1994). Through this balancing process, courts should afford due weight to the affected party's privacy interest. *Id.* citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36, 104 S.Ct. 2199 (1984).

## II. THE INFORMATION DOW SEEKS TO PROTECT IS CONFIDENTIAL IN NATURE AND PLAINTIFF SHOULD BE RESTRICTED FROM FURTHER DISCLOSURE OF SUCH INFORMATION OUTSIDE THE CONFINES OF THIS CASE.

Dow seeks to limit the disclosure of confidential and sensitive information and documents produced in discovery in this matter to the confines of this litigation—a reasonable request when painted against the backdrop of potential harm that would result from such information being disclosed publicly. "[A] factor to consider [in granting a protective order] is whether the information is being sought for a legitimate purpose or for an improper purpose." *Pansy*, 23 F.3d at 787. For instance, personnel files, and other records kept regarding non-party individuals' employment with Dow are likely to contain confidential, personal and potentially embarrassing information, and thus courts must balance the non-party's privacy interest against the parties' interest in obtaining relevant discovery. *In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 313 F.R.D. 32, 36-27 (E.D. La. 2016); *Poseidon Oil Pipeline Co. v. Transocean Sedco Forex, Inc.*, No. 00-2154, 2002 WL 1919797, at *4 (E.D. La. Aug. 20, 2002). In fact, courts in this circuit have observed that "personnel files also present thorny issues of corporate policy; many files in a personnel file are not intended to be shared with an employee or disclosed outside of the company." *Xarelto*, 313 F.R.D. at 37. Accordingly, "[a]lthough personnel records are often a vital part of a plaintiff's Title VII lawsuit and may be legitimate subjects of discovery, because of the private nature of the information contained in such records it is important that their confidentiality be assured." *McDonald v. ExxonMobil Chem. Co.*, No. CIV.A. H-00-4172, 2001 WL 34109381, at *1 (S.D. Tex. Dec. 7, 2001). See also *Morton v. F.H. Paschen, Inc.*, 1998 U.S. Dist. LEXIS 228 (E.D.

8

Pa. 1998) (holding "[t]here is a strong public policy against the disclosure of personnel files. Employees justifiably expect [their personnel files] to be kept confidential. The disclosure of personnel files and evaluations would discourage candid evaluations of employees and thereby hamper the ability of companies to maintain their standard[s] and improve their performance.")

Here, Plaintiff has requested documents and information that contain confidential and/or sensitive information, including information about non-party employees of Dow, internal investigations, discipline records, Dow's internal policies, and the like. By way of example and not limitation, Plaintiff has requested all the following: documents identifying employees disciplined or terminated for similar conduct; Performance Improvement Plans [PIPs] issued to other employees; investigations, reports, findings, or determinations made by leadership or HR relating to complaints of discrimination, harassment, hostile work environments, or insensitive remarks in the Plaintiff's department; and work schedules, time-off approvals, and vacation logs for non-party employees.

To be sure, the proposed confidentiality order does not seek to limit the documents Dow must produce—instead, the proposed confidentiality order seeks to confine the information disclosed in this litigation to this litigation only, given the confidential nature of the information requested. Such a request is reasonable and within the discretion of this Court to grant. Dow's proposed confidentiality order does not limit production in this matter, it merely restricts public dissemination of confidential information and use of any documents or information produced in this case to this case only. Accordingly, the entry of a confidentiality order is reasonable and will not prejudice Plaintiff in anyway, as he is still able to fully develop his claims.

## III.     GOOD CAUSE EXISTS FOR ENTRY OF A PROTECTIVE ORDER.

In considering whether good cause for a protective order exists, courts must balance the interests in favor of disclosure against the interests in favor of nondisclosure. *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994). "[G]ood cause, within the meaning of the rule, contemplates a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Intern, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Here, Plaintiff requests the production of documents which inherently contain sensitive and confidential information, as discussed *supra*. Moreover, Plaintiff has already shown Dow and this Court what he intends to do with the confidential documents and information he receives by sharing confidential documents he improperly took from Dow directly with media outlets. To be clear, Dow is prepared to provide Plaintiff with the documents responsive to his requests and within the confines of the Federal Rules, but Dow is reasonably concerned about the dissemination of this information outside of the confines of this litigation, especially in light of Plaintiff's action in disclosing Dow's confidential information, including information about non-party employees, to various news outlets. (**Exhibit J**, Giroir 8/25/25 Media Email.) The proposed confidentiality order provides Plaintiff with an avenue to fully engage in the advancement of his case, while simultaneously protecting Dow's confidential information from disclosure outside the confines of this case. Good cause exists for entry of the proposed confidentiality order, and Plaintiff will not be prejudiced by entry of same.

## **CONCLUSION**

In this Motion, Dow is not asking this Court to deny Plaintiff's discovery requests and/or limit the production of relevant, non-privileged information. Dow is instead requesting that the confidential information and documents it produces be protected from public disclosure and use

outside the confines of this litigation. Such protection will not prejudice Plaintiff's ability to explore his case. Accordingly, based on the foregoing, Dow requests that this Court grant its Motion for Entry of a Protective Order and enter the proposed confidentiality order attached hereto as Exhibit A.

Dated: August 29, 2025                     */s/ Edward J. Bardelli*

                                           Donald J. Cazayoux, Jr. (#20742)
                                           J. Lane Ewings, Jr. (29854)
                                           CAZAYOUX EWING, LLC
                                           257 Maximiliam Street
                                           Baton Rouge, LA 70808
                                           225.650.7400
                                           don@cazayouxewing.com
                                           lane@cazayouxewing.com

                                           Edward J. Bardelli (P53849)
                                           Amanda M. Fielder (P70180)
                                           Janelle E. Shankin (P85627)
                                           Alexander J. Thibodeau (P82939)
                                           WARNER NORCROSS & JUDD
                                           Suite 1500
                                           150 Ottawa Ave., NW,
                                           Grand Rapids, Michigan 49503
                                           (616)752.2165
                                           ebardelli@wnj.com
                                           afielder@wnj.com
                                           jshankin@wnj.com
                                           athibodeau@wnj.com
                                           *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby state that on August 29, 2025, the foregoing document was electronically filed with the Clerk of the Court using the ECF system. A copy of said document was sent to Plaintiff at his address listed above by U.S. First Class Mail, postage prepaid and to his email at kagiroir@yahoo.com.

                                           */s/Edward J. Bardelli*
                                           Edward J. Bardelli