UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN GIROIR | CIVIL ACTION |
| VERSUS | NO. 25-452-SDJ |
| THE DOW CHEMICAL COMPANY | |

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery Responses and Clarification of Record Regarding Meet-and-Confer (R. Doc. 100). Defendant, The Dow Chemical Company, opposes Plaintiff's Motion (R. Doc. 103).[1] For the reasons set forth below, each of Plaintiff's Motions is **denied**.

In this Motion, Plaintiff seeks an order compelling Defendant "to provide complete discovery responses and to correct the record regarding Plaintiff's compliance with the meet-and-confer requirement."[2] However, upon review, the Court finds Plaintiff has filed yet another frivolous Motion in this matter, as explained below.

First, as clearly set forth in this Court's Local Civil Rules, "[m]otions addressed to issues concerning discovery propounded under Fed. R. Civ. P. 33, 34, 36 and 37 must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, followed immediately by the verbatim response or objection which [was] provided thereto." L.R. 37. Here, Plaintiff does not even specify what discovery responses he is seeking in his Motion, much less quote them verbatim. As the Court cannot tell from the Motion which

---

[1] The Court notes that Plaintiff filed a Reply in Support of Motion to Compel and Opposition to Defendant's Request for Fees (R. Doc. 108). However, Plaintiff's Reply was filed without leave of Court in contravention of Local Civil Rule 7(f) and, therefore, has not been considered herein.
[2] R. Doc. 100 at 2.

specific requests are at issue, and as Plaintiff has failed to comply with Local Rule 37, this Motion must be denied. *See Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 40 (W.D. La. 2017) ("Pro se litigants are not exempt from compliance with the rules of procedure."); *Roberson v. Golden Living Center*, No. 08-241, 2009 WL 3617741, at *1 (N.D. Miss. Oct. 29, 2009) ("A plaintiff proceeding *pro se* is required to comply with the Federal Rules of Civil Procedure as well as the local rules of this court.").

Second, no proper Rule 37 conference took place between the parties prior to this Motion being filed. While Plaintiff adamantly asserts he has met his meet-and-confer burden, he has produced only emails in which he lists Defendant's purported deficiencies with discovery responses, but nowhere does he request an in person or telephone meeting or respond to Defendant's request to schedule a time to discuss outstanding discovery issues.[3] This is not sufficient to satisfy Rule 37's mandate that the parties in good faith confer or attempt to confer. *See* Fed. R. Civ. P. 37(a)(1). *See also Limtiaco v. Auction Cars.Com, LLC,* No. 11-370, 2012 WL 5179708, at *3 (D. Nev. Oct. 17, 2012) (concluding that several letters identifying the perceived failings of the defendant's discovery responses did not constitute the necessary effort required by Rule 37); *Velazquez–Perez v. Developers Diversified Realty Corp.,* 272 F.R.D. 310, 312 (D.P.R. 2011) (determining the emails and letters sent to defendant did not reveal that a good faith effort was made; "[t]he record shows that the defendant was willing to meet with plaintiff in order to solve the discovery dispute but that plaintiff never acceded to that fairly simple request"); *Robinson v. Napolitano,* No. 08–4084, 2009 WL 1586959, at **2-3 (D.S.D. Jun. 4, 2009) (finding that the government's letter to the plaintiff, outlining why his discovery responses were deficient, did not satisfy the meet-and-confer requirement). As such, Plaintiff's Motion to Compel must be denied.

---

[3] *See, e.g.,* R. Doc. 100 at 4 ("Let us know when you are available and we should be able to accommodate your schedule.").

In its Opposition, Defendant seeks an award of its costs and attorney's fees incurred in having to respond to Plaintiff's Motion.[4]  Rule 37(a)(5)(B) provides that when a motion to compel is denied, a court "must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."  However, a court need not make such an award "if the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37 (a)(5)(B).  Here, the Court acknowledges that Plaintiff is proceeding *pro se* and *in forma pauperis* in this litigation.  However, Plaintiff previously has filed numerous meritless motions and continues to pepper the Court with additional Motions, as evidenced by the nine additional recently-filed Motions still pending before the Court.[5]  Moreover, this is the fourth Motion to Compel Plaintiff has filed, all of which have been found to be frivolous and/or non-compliant with applicable rules.[6]

In a prior Order by the Court addressing multiple Motions to Compel by Plaintiff, the Court, in addition to admonishing Plaintiff for frivolous filings, denied a similar request for attorney's fees and costs by Defendant, stating, "[t]o allow Plaintiff time to review the information herein provided as well as the additional information provided at the upcoming in-person status conference, the Court finds that, currently, circumstances make an award of expenses unjust."[7]  That Order was issued on September 17, 2025.  The instant Motion was filed on October 30, 2025.  In a status conference held before the Court on October 23, 2025, the Court encouraged Plaintiff to communicate by telephone as needed, as opposed to using email alone, to which Plaintiff

---

[4] R. Doc.103 at 6-7.
[5] *See* R. Docs. 105, 109, 110, 111, 114, 115, 122, 126, and 127.
[6] *See* R. Docs. 37, 38, 55, and 74.
[7] R. Doc. 74 at 3.

expressed his understanding and agreement.[8]  Clearly, Plaintiff has not taken any direction or admonishments by the Court to heart.  As such, the Court will award a small amount of costs and attorney's fees to Defendant, as it finds such an award justified under these circumstances.  To that end, Plaintiff is ordered to pay Defendant $100.00 in costs and fees for having to respond to this Motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery Responses and Clarification of Record Regarding Meet-and-Confer (R. Doc. 100) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay Defendant $100.00 **on or before February 4, 2026**.

Signed in Baton Rouge, Louisiana, on January 20, 2026.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 98 at 1.