UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN GIROIR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-452-SDJ** |
| **THE DOW CHEMICAL COMPANY** | |

### ORDER

Before the Court is Plaintiff's Motion for Protective Order and to Compel Depositions (R. Doc. 114). Defendant, The Dow Chemical Company, opposes Plaintiff's Motion (R. Docs. 125). For the reasons set forth below, Plaintiff's Motion is **denied**.

In his Motion, Plaintiff requests an Order:[1]

1. Prohibiting Defendant from conditioning witness availability on Plaintiff's ability to pay deposition costs, court reporter fees, or conference room fees;

2. Authorizing Plaintiff to take depositions remotely via Zoom under Rule 30(b)(4);

3. Authorizing Plaintiff to personally record the deposition pursuant to Rule 30(b)(3)(B) without requiring a court reporter; and

4. Compelling Defendant to provide deposition dates for all noticed deponents, including Rule 30(b)(1) witnesses and designated Rule 30(b)(6) representatives.

Defendant, in its Opposition, agrees with Plaintiff's request to take the depositions via Zoom or other remote means.[2] It opposes Plaintiff's Motion in all other respects, though.

As an initial matter, the Court notes that Plaintiff once again has failed to comply with Rule 37's mandate that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or

---

[1] R. Doc. 114 at 1.
[2] R. Doc. 125 at 2. The Court notes that because Defendant is in agreement with Plaintiff on this issue, no order compelling Defendant to allow remote depositions is necessary.

discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's Motion contains no such certification, and nothing in Plaintiff's pleading indicates that Plaintiff attempted to confer with Defendant prior to filing. Defendant, in its Opposition, confirms that no meet and confer took place prior to filing.[3] Despite Plaintiff's *pro se* status, he is still required to comply with all procedural rules. *See Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 40 (W.D. La. 2017) ("Pro se litigants are not exempt from compliance with the rules of procedure."); *Roberson v. Golden Living Center*, No. 08-241, 2009 WL 3617741, at *1 (N.D. Miss. Oct. 29, 2009) ("A plaintiff proceeding *pro se* is required to comply with the Federal Rules of Civil Procedure as well as the local rules of this court."). Plaintiff, however, has failed to follow them here.

Turning to the substance of Plaintiff's Motion, Plaintiff requests that he personally be allowed to record the depositions, rather than a court reporter. First, Plaintiff has cited to no authority allowing the noticing party only to record a deposition. Second, Rule 30(b)(5) specifies that "a deposition must be conducted before an officer appointed or designated under Rule 28." Rule 28(a)(1) then explains that "a deposition must be taken before . . . an officer authorized to administer oaths either by federal law or by the law in the place of examination; or . . . a person appointed by the court where the action is pending to administer oaths and take testimony." Plaintiff is not such an authorized officer. Rule 28 also provides that a deposition "must not be taken before a person . . . who is financially interested in the action." Fed. R. Civ. P. 28(c). Plaintiff clearly has a financial interest in the action. Because Plaintiff's request does not comply with Rules 28 and 30 of the Federal Rules of Civil Procedure, it must be denied.

Next, Plaintiff requests an order prohibiting Defendant from "conditioning witness availability on Plaintiff's ability to pay deposition costs, court reporter fees, or conference room

---

[3] R. Doc. 125 at 2, 5.

fees."[4]  In his Motion, he takes issue with Defendant's request that he "confirm ability to pay" before it will schedule depositions of its employees, arguing it "requires a pro se litigant to prepay the opposing party's deposition costs."[5]  However, Plaintiff has cited no authority for requiring Defendant to pay for the depositions noticed by Plaintiff.  In fact, this Court previously explained to Plaintiff that this is not standard practice, stating:[6]

> It is well-known and a common practice that the party requesting a deposition pays all costs associated with it.  *See* Fed. R. Civ. P. 30(b)(3)(A) ("The noticing party bears the recording costs."); *Vargas v. Salazar*, No. 23-4267, 2024 WL 5276824, at *1 (S.D. Tex. Oct. 31, 2024) ("[I]t is the practice in federal court for each party to pay the costs of depositions the party notices.  This is true for parties proceeding pro se, and even for indigent parties proceeding in forma pauperis . . .").

Moreover, the grant by this Court of Plaintiff's request to proceed *in forma pauperis* in this litigation means only that Plaintiff can proceed before this Court without having to pay any Court fees, nothing more.  The Order in no way states that Plaintiff is absolved of all costs related to litigation.  Should Plaintiff wish to depose these witnesses, he must bear the costs associated with taking said depositions.

In addition, with regard to Plaintiff's request for an order compelling Defendant to provide dates for all noticed deponents, the communications between Plaintiff and defense counsel provided to the Court indicate a willingness on the part of Defendant to schedule the depositions of the noticed deponents.[7]  Defendant, however, has simply informed Plaintiff that he must pay the costs of the depositions, which he has not confirmed he will do, prior to scheduling same.  Because the depositions are Plaintiff's financial responsibility, no order compelling Defendant to schedule employee depositions is warranted.

---

[4] R. Doc. 114 at 1.
[5] *Id.* at 3, 4.
[6] R. Doc. 74 at 5.
[7] *See* R. Doc. 125-3 at 2; 125-5 at 2.

Finally, in its Opposition, Defendant seeks an award of its costs and attorney's fees incurred in having to respond to Plaintiff's Motion.[8] Rule 37(a)(5)(B) provides that when a motion to compel is denied, a court "must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." However, a court need not make such an award "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (a)(5)(B). Here, while the Court finds this Motion without merit, it recognizes that Plaintiff may not have understood that a grant to proceed *in forma pauperis* does not absolve Plaintiff of any obligation to pay certain costs that may arise in this litigation, *e.g.*, those associated with taking depositions. As such, the Court, in its discretion, declines Defendant's request for costs and attorney's fees.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Protective Order and to Compel Depositions (R. Doc. 114) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for costs and attorney's fees associated with opposition Plaintiff's Motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 28, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 125 at 6-7.