UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN GIROIR                                              CIVIL ACTION

VERSUS                                                    NO. 25-452-SDJ

THE DOW CHEMICAL COMPANY

**ORDER**

Before the Court is Plaintiff's Renewed, Narrow Motion to Compel Limited Discovery and for Rule 37(b) Relief, or in the Alternative, for Sequencing and Evidentiary Protections (R. Doc. 126). Defendant, The Dow Chemical Company, opposes Plaintiff's Motion (R. Doc. 134). For the reasons set forth below, Plaintiff's Motion is **denied**.

In this Motion, Plaintiff "seeks limited relief as to the following four categories," listed as "workstation preservation and recovery," "ERM workflow and termination sequencing records," "COBRA notice and benefits termination records," and "preservation, scope, timing, and metadata."[1] In addition, Plaintiff requests that the depositions sought to be taken by Defendant "be sequenced to occur after Defendant produces the limited materials or declarations" requested.[2]

At the outset, the Court notes that Plaintiff does not include a Rule 37 certification in his Motion, in direct contravention of Federal Rule of Civil Procedure 37(a)(1). *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). In his Motion, Plaintiff references "good-faith meet-and-confer efforts,"[3] but does not provide any further information, such as when they occurred, by what means

---

[1] R. Doc. 126 at 1-2.
[2] *Id.* at 2-3.
[3] *Id.* at 1.

they occurred, who was involved, or what was discussed. As Plaintiff has repeatedly been told by the Court, he must adhere to all applicable Federal Rules of Civil Procedure as well as this Court's Local Rules in his filings. *See Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 40 (W.D. La. 2017) ("Pro se litigants are not exempt from compliance with the rules of procedure."); *Roberson v. Golden Living Center*, No. 08-241, 2009 WL 3617741, at *1 (N.D. Miss. Oct. 29, 2009) ("A plaintiff proceeding *pro se* is required to comply with the Federal Rules of Civil Procedure as well as the local rules of this court."). This alone is grounds for denying Plaintiff's Motion. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Because Robinson cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion."); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (denying motion to compel for failure to satisfy Rule 37's requirement of a good faith conferral or attempt to confer).

Not only does Plaintiff's Motion not comply with Rule 37 of the Federal Rules of Civil Procedure, it also does not comply with this Court Local Civil Rule 37. As clearly set forth in L.R. 37, "[m]options addressed to issues concerning discovery propounded under Fed. R. Civ. P. 33, 34, 36 and 37 must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, followed immediately by the verbatim response or objection which provided [was] provided thereto." Plaintiff did not do this. Rather, he listed four "categories" of documents or information he claims are unresolved. Moreover, he does not even specify the documents or information that he seeks. For example, with regard to "ERM workflow and termination sequencing records," Plaintiff "seeks limited ERM workflow histories, metadata, and related records sufficient to clarify the sequencing of events surrounding his termination." This is in no way a verbatim recitation of his discovery request, nor does Plaintiff include

Defendant's relevant discovery responses. As such, Plaintiff's request for an order compelling production of his requested categories of documents is denied.

Plaintiff's request for Defendant to delay taking depositions until Plaintiff has received all documents or materials to which he believes he should receive also is denied. Federal Rule of Civil Procedure 26(d)(3)(B) clearly provides that "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: . . . discovery by one party does not require any other party to delay its discovery." Here, Plaintiff has not provided a concrete reason for requesting the delay, claiming only that "proceeding with depositions before resolution of the above foundational discovery issues risks inefficiency, unnecessary cost, and prejudice" and that "[d]epositions conducted without access to core documents may result in incomplete or misleading testimony and additional disputes."[4] First, these arguments are wholly conclusory and point to no specific harm Plaintiff may suffer should his deposition take place before the resolution of all discovery disputes. Second, and more importantly, any possible risk of taking Plaintiff's deposition before he has seen all documents and materials he wishes to see is a risk borne by Defendant, not Plaintiff, as it is the one taking the deposition. Finding the interests of justice in no way implicated by Plaintiff having to sit for a deposition prior to all perceived discovery disputes being resolved, the Court denies this request by Plaintiff as well.

Finally, Defendant, in its Opposition, again seeks an award of its costs and attorney's fees incurred in having to respond to Plaintiff's Motion.[5] Rule 37(a)(5)(B) provides that when a motion to compel is denied, a court "must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing

---

[4] *Id.* at 2-3.
[5] R. Doc.134 at 3-4.

the motion, including attorney's fees." However, a court need not make such an award "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (a)(5)(B). Here, the Court finds that no award is warranted. In a prior Order on a prior frivolous Motion to Compel, the Court admonished Plaintiff to stop filing frivolous motions and awarded costs and attorney's fees to Defendant for a frivolous Motion to Compel filed by Plaintiff. The Court declines to do so again here, as this Motion was filed by Plaintiff prior to the Court's admonition and award.

Accordingly,

**IT IS ORDERED** that Plaintiff's Renewed, Narrow Motion to Compel Limited Discovery and for Rule 37(b) Relief, or in the Alternative, for Sequencing and Evidentiary Protections (R. Doc. 126) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 28, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**