UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KEVIN GIROIR**                                                                            **CIVIL ACTION**

**VERSUS**                                                                               **NO. 25-452-SDJ**

**THE DOW CHEMICAL COMPANY**

**ORDER**

     Before the Court is a Motion for Protective Order and to Quash, or in the Alternative, Limit Non-Party Subpoena Directed to Kemberly Giroir (R. Doc. 127) filed by *pro se* Plaintiff Kevin Giroir. Defendant, The Dow Chemical Company, opposes Plaintiff's Motion (R. Doc. 135). For the reasons set forth below, Plaintiff's Motion is **denied**.

**I.**     **Parties' Arguments**

     In his Motion, Plaintiff argues that the third-party subpoena issued to his spouse, Kemberly Giroir, "is cumulative, disproportionate, and unduly burdensome, and targets a non-party spouse who has already provided sworn testimony addressing the sole factual issue Defendant claims justifies the subpoena."[1] Per Plaintiff, on February 9, 2024, he made a verbal complaint to Dow Human Resources "concerning discriminatory conduct."[2] Later than same day, a representative from Dow Human Resources contacted Ms. Giroir "solely for the purpose of locating Plaintiff."[3] Plaintiff asserts that Ms. Giroir previously "executed a sworn declaration describing the February 9, 2024 contact, including the identity of the caller, the timing of the call, and the substance of what she personally heard and observed."[4] Based on this declaration, Plaintiff argues no

---

[1] R. Doc. 127 at 1.
[2] *Id.*
[3] *Id.*
[4] *Id.* at 1-2.

deposition is needed, but that if the Court "determines that limited discovery is appropriate," he requests that it be limited to "written questions pursuant to Rule 31," limited "strictly to confirmation of the February 9, 2024 contact," and "exclude[e] inquiry into finances, marital communications, credibility attacks, or unrelated matters."[5]

Defendant, in its Opposition, claims that Plaintiff elected to produce two declarations executed by Ms. Giroir "regarding an alleged telephone call she received from Dow's Human Resources representative Kimberly Salwey" and stating, in part, that she "overheard [Plaintiff] tell Ms. Salwey that his supervisor, Jessie Dupriest, was targeting him and trying to fire him."[6] Based on the submission of the two declarations, Defendant issued a subpoena to take the video deposition of Ms. Giroir. As argued by Defendant, "because the statements Ms. Giroir made in her declaration related directly to events that Plaintiff alleges led to his termination, it was imperative that [Defendant] take her deposition."[7] Defendant continues, stating that "[b]y submitting Ms. Giroir's declarations in an attempt to support his claims, Plaintiff has put Ms. Giroir's un-cross-examined statements and credibility at issue."[8]

## II.    Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "For purposes of discovery, relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party." *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016) (quoting *Fraiche*

---

[5] *Id.* at 3.
[6] R. Doc. 135 at 2; R. Docs. 135-3 at 2, 135-4 at 2.
[7] R. Doc. 135 at 2-3.
[8] *Id.* at 3.

*v. Sonitrol of Baton Rouge*, 2010 WL 4809328, at *1 (M.D. La. Nov. 19, 2010)) (internal quotations omitted).

The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). A court may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including, *inter alia*, forbidding the disclosure or discovery and forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(A), (D). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Moore v. LaSalle Corr., Inc.*, 429 F. Supp. 3d 285, 292 (W.D. La. 2019) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Rule 30(a) allows a party to "by oral questions, depose any person, including a party, without leave of court." In addition, Federal Rule of Evidence 607 allows any party, including the party that called a particular witness, to attack the witness's credibility. F.R.E. 607.

**III.    Analysis**

The Court agrees that by voluntarily submitting the declarations of Ms. Giroir to support his allegations, Plaintiff placed Ms. Giroir's unquestioned statements and credibility as a witness at issue. Moreover, because Plaintiff relies on them, Ms. Giroir's statements clearly are relevant to this matter.

In his Motion, Plaintiff repeatedly argues that allowing the deposition of Ms. Giroir would be duplicative or cumulative. For example, he claims that "[d]epositions of non-party spouses to re-test sworn declarations constitute cumulative discovery" and that "[c]ourts routinely quash subpoenas directed to non-party spouses where relevance is limited and testimony would be duplicative."[9] However, he provides absolutely no support for these assertions. Moreover, the two declarations submitted by Ms. Giroir, which are very similar, are each less than one page long and relay only partial information about the phone call allegedly received.[10] They do not provide an exhaustive account of the interaction. As such, a deposition regarding them would not be cumulative or duplicative.

In addition, the Court declines Plaintiff's request to limit the deposition to written questions only. Plaintiff has not provided any reason for limiting the deposition in this manner. The Court also declines Plaintiff's request to strictly limit all questions to confirmation of the February 9, 2024 contact and affirmatively exclude inquiry into finances, marital communications, credibility attacks, or unrelated matters. Defense counsel is well aware of their obligation to only question a witness about relevant issues. Plaintiff may object to inquiries, only if warranted, during the deposition and may later challenge Defendant's use of any improperly-obtained information, if that becomes an issue.

### IV.   Conclusion

Accordingly,

---

[9] R. Doc. 127 at 2.
[10] R. Docs. 135-3 at 2, 135-4 at 2.

**IT IS ORDERED** that Plaintiff's Motion for Protective Order and to Quash, or in the Alternative, Limit Non-Party Subpoena Directed to Kemberly Giroir (R. Doc. 127) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 13, 2026.

*[Signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**