**DUNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEVIN GIROIR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-452-SDJ** |
| **THE DOW CHEMICAL COMPANY** | |

**ORDER**

Before the Court is a Motion to Compel Disclosure of Preservation Measures Regarding Plaintiff's Workstation and Electronically Stored Information (R. Doc. 162) filed by Plaintiff Kevin Giroir, who is proceeding *pro se* in this litigation. Defendant, The Dow Chemical Company, opposes Plaintiff's Motion (R. Doc. 184). For the reasons set forth below, Plaintiff's Motion is **granted**.

In his Motion, Plaintiff moves the Court pursuant to Federal Rules of Civil Procedure 26, 34, and 37 for an Order directing Defendant to provide responses to the following: "[w]hether Defendant issued a litigation hold concerning Plaintiff's ESI and workstation; [t]he date such hold was issued; [w]hether Plaintiff's workstation was preserved and/or forensically imaged; [w]hether any data from Plaintiff's workstation has been deleted, altered, reassigned, wiped, or otherwise lost since the duty to preserve arose."[1]

In its Opposition, Defendant urges denial of Plaintiff's Motion both because it does not comply with this Court's Local Civil Rule 37 and because Plaintiff is not entitled to discovery on Defendant's litigation preservation efforts.[2] Turning to Defendant's first argument, Local Civil Rule 37 provides that "[m]otions addressed to issues concerning discovery propounded under Fed.

---

[1] R. Doc. 162 at 2.
[2] R. Doc. 184 at 2-4.

R. Civ. P. 33, 34, 36 and 37 must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, followed immediately by the verbatim response or objection which [was] provided thereto." L.R. 37. Here, Plaintiff attaches a copy of an email sent to defense counsel and others dated December 5, 2025, in which he requests the information he seeks herein.[3] Thus, the information being requested by Plaintiff is being set forth verbatim, as requested. Moreover, this is information that Plaintiff has repeatedly sought, and Defendant has repeatedly refused to provide.[4] Because "[i]t is well established that the scope of discovery is within the sound discretion of the trial court," *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 314 F.R.D. 397, 408 (E.D. La. 2016), the Court will instruct Defendant to fully and completely respond to Plaintiff's discovery requests at issue here. *See also Dykes v. Maverick Motion Picture Group, L.L.C.*, No. 08-536, 2010 WL 4181448, at *2 (M.D. La. Oct. 20, 2010) ("It is well within the court's discretion to fashion the parameters of discovery . . . ").

Defendant next argues that Plaintiff is not entitled to discovery on Defendant's litigation preservation efforts. In support of its argument, Defendant cites to *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406 (N.D. Tex. 2021). However, this case is inapposite here. In *VeroBlue Farms*, the Court reiterated the general principle that "it is not the court's role to dictate how a party should search for relevant information absent a showing that the party has abdicated its responsibility," which "is premised on each party fulfilling its discovery obligations without direction from the court or opposing counsel, and eschewing 'discovery on discovery' unless a specific deficiency is shown in a party's production." *Id.* at 420 (modifications and citation omitted). But, here, Plaintiff is not seeking discovery on discovery. He is not arguing, *e.g.*, that Defendant did not conduct a thorough search of documents for requested information. Rather, he is simply asking whether his

---

[3] R. Doc. 162-1.

[4] *See, e.g.*, R. Docs. 100, 126.

workstation was preserved. This request does not pertain to a deficiency in Defendant's discovery responses; it is simply a request for information about actions taken (or not taken) by Defendant relating to the termination of Plaintiff's employment. As such, Defendant has not provided a valid argument for withholding the information from Plaintiff.[5]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Disclosure of Preservation Measures Regarding Plaintiff's Workstation and Electronically Stored Information (R. Doc. 162) is **GRANTED**. Defendant has **14 days** to provide a complete response to the discovery requests at issue here.

Signed in Baton Rouge, Louisiana, on August 17, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

[5] The Court acknowledges Defendant's argument that Plaintiff has raised the issue of failure to preserve his workstation in prior Motions seeking sanctions against Defendant. *See, e.g.*, R. Doc. 122. The Court denied this, and other Motions seeking sanctions filed by Plaintiff. *See* R. Doc. 145. Defendant argues that "Plaintiff has raised this exact same issue" and that the Court denied Plaintiff's Motion "because he only provided 'conclusory allegations.'" R. Doc. 184 at 4; R. Doc. 145. Defendant then argues that "[t]he same is true here" and that "Plaintiff has identified no discovery request that Defendant failed to respond to." R. Doc. 184 at 4. The Court disagrees. In its prior ruling, the Court found no grounds on which to issue sanctions against Defendant; the Motion before it was not a motion to compel. Moreover, Plaintiff has clearly identified the information being sought—it's time Defendant provided it.